**In re Petition for DISCIPLINARY ACTION AGAINST Thomas J. BLACKMAR, an Attorney at Law of the State of Minnesota.**

No. C6–96–938.

Supreme Court of Minnesota.

July 18, 1996.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Thomas J. Blackmar has committed unprofessional conduct, namely failing to diligently pursue two client matters, failing to communicate with the clients, and failing to return the client file in one of the matters after the client obtained new counsel; and

WHEREAS, respondent has unconditionally admitted the allegations of the petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director by which they jointly recommend that respondent be publicly reprimanded and placed on public probation for 2 years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of this court's order approving this stipulation. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications with clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within two weeks from the date of the court's order approving this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested; and

WHEREAS, this court has independently reviewed the record and agrees that the ad-

mitted to conduct by respondent warrants the recommended discipline,

IT IS HEREBY ORDERED that respondent Thomas J. Blackmar is publicly reprimanded and is placed on a 2–year period of supervised probation subject to the agreed upon conditions set out above.

BY THE COURT:

/s/ Alexander M. Keith
    A.M. Keith
    Chief Justice